CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
MAY 07 2010
JOHN F. CORCORAN
BY: /s/

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY RAY HALL,<br>    Plaintiff, | Civil Action No. 7:10-cv-00185 |
| v. | MEMORANDUM OPINION |
| MS. K. HINKLES,<br>    Defendant. | By: Hon. James C. Turk<br>Senior United States District Judge |

Jerry Ray Hall, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff complains that the defendant does not serve the food published on the cafeteria's menu. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the action without prejudice as frivolous.

I.

Plaintiff alleges that the correctional facility's main menu provides that inmates, including plaintiff, are supposed to receive cheese on two different days. Plaintiff alleges the defendant said that the menu stating cheese was printed in error. Plaintiff disagrees with the response, alleging that inmates should still get cheese as a meat alternative. Plaintiff requests $120,000 in damages because he is entitled to cheese.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless."

Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Plaintiff's alleged entitlement to cheese that was not provided on two separate occasions is a claim of an infringement of a legal interest that does not exist. See Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997) ("Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement."). Based on the plaintiff's litigation history, if the plaintiff had any other complaint relevant to the lack of cheese, the court believes he would have presented it to the court. See Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009) (determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense). Accordingly, the court dismisses the complaint without prejudice as frivolous.

### III.

For the foregoing reasons, the court dismisses the complaint without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 7th day of May, 2010.

/s/ James C. Turk
Senior United States District Judge